✓ FILED ___ LODGED
___ RECEIVED ___ COPY
SEP - 4 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ DEPUTY

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
MICHAEL R. LIZANO
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
michael.perez-lizano@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>LFA Machines DFW, LLC, et al.,<br>Defendants. | CR-26-04376-TUC-AMM (MAA)<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR POST-INDICTMENT RETRAINING ORDER<br><br>**UNDER SEAL** |

The United States of America, by and through its undersigned attorneys, hereby makes application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action. In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Procedural History

On August 21, 2026, LFA Machines DFW, LLC, Alastair Mark Sanderson, William Robert Norris, and Michael Christian Packard (collectively, the defendants) were indicted by a federal grand jury for this district on the following charges: Conspiring to Unlawfully Manufacture, Distribute, Export, and Import Tableting Machines, Equipment, Chemicals, Products, and Materials, in violation of 21 U.S.C. § 846; and Unlawfully Distributing Tableting Machines, Chemicals, Products, and Materials, in violation of 21 U.S.C.

/ / /

§ 843(a)(7). *See United States v. LFA Machines DFW, LLC, et al.*, CR26-04376 TUC-AMM (MAA).

The indictment gives the defendants notice that the United States intends to pursue the forfeiture of assets, pursuant to the provisions of 21 U.S.C. § 853, in which they hold an interest. It generally designates as subject to forfeiture (1) any property, real or personal constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the enumerated criminal violations, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of those violations. *Id.* at 4.

The federal grand jury's indictment of the defendants establishes sufficient probable cause for the issuance of this restraining order. The declaration of Drug Enforcement Administration ("DEA") Special Agent Justin McElfresh is submitted herewith in further support of the United States's application for a restraining order. His declaration identifies with greater particularity the currently known assets subject to forfeiture.

The destruction or the transfer, movement, conveyance, or encumbrance of the subject property by the defendants or any third party could render said property unavailable for forfeiture. Any third-party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of federal forfeiture law.

## II. <u>Applicable Law</u>

Pursuant to 21 U.S.C. § 853, a person convicted of a violation of 21 U.S.C. §§ 843(a)(7) and 846, in addition to any other penalty, shall forfeit to the United States:

> [A]ny property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

To assure the availability of property for forfeiture upon conviction, 21 U.S.C. § 853(e)(1) provides that the court may enter a restraining order upon the filing of an indictment. Section 853(e), in pertinent part, provides:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property ... for forfeiture under this section–
>
> (A) upon the filing of an indictment or information charging a violation ... for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; ...

21 U.S.C. § 853(e).

Pre-trial restraint of assets under 21 U.S.C. § 853(e) has been approved by the United States Supreme Court. In *United States v. Monsanto*, 491 U.S. 600 (1989), the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his apartment, and $35,000 in cash prior to trial. The Supreme Court upheld the pre-trial restraint, noting:

> [I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that … , the Government may restrain *persons* where there is a finding of probable cause to believe that the accused has committed a serious offense.

*Id.* at 615-16 (emphasis in original). Other courts, including the Ninth Circuit, have recognized that the right of the United States to seek pre-trial restraint extends to forfeitable assets held by third parties. *See United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property is subject to forfeiture, a court must promptly

enter a preliminary order of forfeiture without regard to a third party's interests in the property."); *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989); *United States v. Real Property in Waterboro*, 64 F.3d 752, 755-56 (1st Cir. 1995); *United States v. Jenkins*, 974 F.2d 32, 36 (5th Cir. 1992); *United States v. Regan*, 858 F.2d 115, 120-21 (2d Cir. 1988). Those courts have also made clear that notice and a hearing need not occur before an ex-parte restraining order is entered pursuant to section 853(e)(1)(A). *Bissell*, 866 F.2d at 1352 (11th Cir. 1989); *see also United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 475 (5th Cir. 2007) (en banc) ("a court may issue a restraining order without prior notice or a hearing").

In determining whether to issue a restraining order, the grand jury's return of the indictment against the defendants establishes probable cause that the charged offenses were committed. *See Kaley v. United States*, 571 U.S. 320 (2014); *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (initial issuance of restraining order may be based on grand jury's finding of probable cause); *United States v. Jones*, 160 F.3d 641, 648 (10th Cir. 1998); *United States v. Moya-Gomez*, 860 F.2d 706, 728-30 (7th Cir. 1988) (court limits inquiry to forfeiture issues; court does not look behind grand jury's finding with respect to the underlying crime); *United States v. Lacey*, 378 F. Supp. 3d 814, 820 (D. Ariz. 2019) (assets may be restrained based on finding of probable cause to believe assets are forfeitable). As noted in the legislative history of the Comprehensive Crime Control Act of 1984:

> For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.

S. Rep. No. 225, 98th Cong., 1st Sess. 203 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3386.

///

If any third party has claims on the funds subject to the requested restraint, section 853(n) sets out a specific procedure for the adjudication of such claims. This process begins, however, "[f]ollowing the entry of an order of forfeiture under this section … ." 21 U.S.C. § 853(n)(1); *see also Libretti v. United States*, 516 U.S. 29, 44 (1995); *United States v. Messino*, 122 F.3d 427, 428 (7th Cir. 1997) (under Sections 853(k) and (n), third parties must wait until the court has entered a preliminary order of forfeiture to challenge the forfeiture action).

In the present case, the federal grand jury's indictment of the defendants and the declaration of Special Agent McElfresh, attached as Exhibit A, establish sufficient probable cause for the issuance of a restraining order. *See Monsanto*, 491 U.S. at 615-16 (holding a showing of probable cause is sufficient to restrain assets under section 853). The United States seeks to preserve the status quo of the subject property to prevent its alienation or dissipation. The purpose of pre-trial restraint of property is to preserve the availability of property that can be forfeited after trial. *Regan*, 858 F.2d at 119.

Wherefore, for the foregoing reasons, the United States requests this Court to enter a protective order immediately restraining, prohibiting, and enjoining the defendants and their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, and those persons, financial institutions, or entities who have any interest or control over the subject property from attempting or completing any action that would affect the availability, marketability, or value of said property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting or otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the subject property.

The United States further requests that the property owner(s) be required to maintain the present condition of any real property subject to the restraining order, including timely payment of all mortgage payments, and insurance, utilities, taxes, and assessments until further order of this Court. The United States requests authorization to enter said real properties to videotape conditions to verify that said properties are being maintained.

The United States further requests that any financial institutions holding mortgages on real properties subject to this Order be required to respond promptly to requests by the United States for information on said mortgages' status.

The United States further requests a copy of this Restraining Order be served upon the defendants, and all other appropriate individuals and/or financial institutions, and a return be made thereon reflecting the date and time of service.

The United States further requests that this Restraining Order remain in full force and effect until further order of this Court.

Respectfully submitted this 4th day of September, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

Michael R. Perez-Lizano
Digitally signed by MICHAEL PEREZ-LIZANO
Date: 2026.09.04 09:43:10 -07'00'

MICHAEL R. LIZANO
Assistant U.S. Attorney