IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

United States of America,
Plaintiff,
vs.
LFA Machines DFW, LLC, et al.,
Defendants.

CR-26-04376-TUC-AMM (MAA)

POST-INDICTMENT RESTRAINING ORDER

**UNDER SEAL**

The United States has made an *ex parte* application to this Court, pursuant to 21 U.S.C. § 853(e)(1)(A), for a restraining order to preserve the availability of certain property that is subject to forfeiture in the above-styled criminal action. Upon consideration of the Government's application, the agent declaration submitted in support thereof, and the Indictment of LFA Machines DFW, LLC ("LFA"), Alastair Mark Sanderson, William Robert Norris, and Michael Christian Packard (collectively, the defendants), it appears to the Court that there is reasonable cause to enter a restraining order to preserve the subject property based upon the following:

1. That a federal grand jury of this district has returned an Indictment against the defendants on charges of Conspiring to Unlawfully Manufacture, Distribute, Export, and Import Tableting Machines, Equipment, Chemicals, Products, and Materials, in violation of 21 U.S.C. § 846; and Unlawfully Distributing Tableting Machines, Chemicals, Products, and Materials, in violation of 21 U.S.C. § 843(a)(7). Furthermore, said Indictment alleges criminal forfeiture under 21 U.S.C. § 853 of certain property; to-wit: (1)

any property, real or personal constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of the enumerated criminal violations, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of those violations.

2. That Special Agent Justin McElfresh of the Drug Enforcement Administration has submitted a declaration under penalty of perjury articulating probable cause that the following specific property is subject to forfeiture:

a. The real property at 6601 Will Rogers Boulevard, Fort Worth, Texas 76140.

b. The real property at 955 North Sylvania Avenue, Fort Worth, Texas 76111.

c. All physical inventory of LFA in the United States, encompassing raw materials, works-in-progress, finished goods, and business supplies, including all tableting machines, encapsulating machines, and excipients, further including Firmapress.

d. All manufacturing equipment, machinery, tools, vehicles, computers, servers, and related tangible property used to manufacture, assemble, repair, transport, market, sell, and distribute LFA's products, including its tableting machines and excipients such as Firmapress, in the United States.

e. All intangible assets of LFA in the United States, including its business name, trademarks, customer lists, goodwill, domain name(s), websites, online marketplaces, digital advertising accounts, and associated e-commerce infrastructure.

3. That the federal grand jury's indictment of the defendants and Special Agent McElfresh's supporting declaration establish sufficient probable cause for the issuance of this restraining order.

4. That in the event the defendants are convicted of the charges alleged in said Indictment, the subject property would be subject to forfeiture under 21 U.S.C. § 853.

5. That the need to preserve the availability of the subject property through the entry of the order requested herein outweighs the hardship on any party against whom the order is to be entered.

/ / /

6. That any third-party claims to the subject property may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture in accordance with the provisions of federal forfeiture law.

THEREFORE, IT IS HEREBY ORDERED AND DECREED:

That, effective immediately, the defendants, their agents, servants, employees, attorneys, family members and those persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any interest or control over the subject property are hereby:

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, secreting, depreciating, damaging, or in any way diminishing the value of, all or any part of their interest, direct or indirect, in the following property:

a. The real property at 6601 Will Rogers Boulevard, Fort Worth, Texas 76140.

b. The real property at 955 North Sylvania Avenue, Fort Worth, Texas 76111.

c. All physical inventory of LFA in the United States, encompassing raw materials, works-in-progress, finished goods, and business supplies, including all tableting machines, encapsulating machines, and excipients, further including Firmapress.

d. All manufacturing equipment, machinery, tools, vehicles, computers, servers, and related tangible property used to manufacture, assemble, repair, transport, market, sell, and distribute LFA's products, including its tableting machines and excipients such as Firmapress, in the United States.

e. All intangible assets of LFA in the United States, including its business name, trademarks, customer lists, goodwill, domain name(s), websites, online marketplaces, digital advertising accounts, and associated e-commerce infrastructure.

IT IS FURTHER ORDERED that the property owner(s) are required to maintain the present condition of any real property subject to this Order, including timely payment of all mortgage payments, and insurance, utilities, taxes, and assessments until further order of this Court. The Government is hereby authorized to enter said real properties to videotape conditions to verify that said properties are being maintained.

IT IS FURTHER ORDERED that any financial institutions holding mortgages on real properties subject to this Order shall respond promptly to requests by the Government for information on said mortgages' status.

IT IS FURTHER ORDERED that the United States or any Subject of this Order may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that any subject of this Order shall be permitted to execute a satisfactory performance bond pursuant to 21 U.S.C. § 853(e)(1) as an alternative to the restraint of the subject property. After notice to the United States and an opportunity to be heard, the Court shall determine whether any proposed bond is a satisfactory performance bond.

IT IS FURTHER ORDERED that the United States shall promptly serve a copy of this Restraining Order upon the defendants and all other appropriate individuals and/or financial institutions, and shall a make a return thereon reflecting the date and time of service.

THIS RESTRAINING ORDER shall remain in full force and effect until further order of this Court.

DONE this the _______ day of September, 2026.

______________________________

Angela M. Martinez
United States District Judge